JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stateside Brands LLC

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Susan M. Valinis, Reilly, McDevitt, & Henrich, PC, One South Penn Square, Philadelphia, PA 19107 (215) 972-5200

## DEFENDANTS

Anheuser-Busch, LLC; Anheuser-Busch, Incorporated and Anheuser-Busch Inbev Worldwide Inc.

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☒ 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1051 *et. seq.*
Brief description of cause:
Trade Dress Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  10/21/25

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATESIDE BRANDS LLC, | |
| Plaintiff, | Case No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| ANHEUSER-BUSCH, LLC, ANHEUSER-BUSCH, INCORPORATED, and ANHEUSER-BUSCH INBEV WORLDWIDE INC. | |
| Defendants. | |

## COMPLAINT

Plaintiff Stateside Brands LLC alleges against Defendants Anheuser-Busch, LLC; Anheuser-Busch, Incorporated; and Anheuser-Busch InBev Worldwide Inc. (collectively, "Anheuser-Busch") as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.      This is a civil action for trade dress infringement and unfair competition under 15 U.S.C. § 1051 *et seq.* and Pennsylvania common law.

2.      Founded in 2013 by Philadelphia natives, the Stateside vodka distillery experienced a meteoric rise in 2022 when it introduced its SURFSIDE canned iced-tea and lemonade vodka drink. Since then, with millions of cases of SURFSIDE sold year over year, Stateside has earned a spot at the top of the alcoholic beverage industry, with its SURFSIDE drink becoming a household staple across the nation.

3.     SURFSIDE's immense popularity is attributable not only to its quality ingredients and innovative flavors, but also to the instantly recognizable product design of the SURFSIDE can. The combination of a stylized gradient design on the bottom third of the can comprised of layered color-shifting bands, a white background overlayed with a sun design and the product mark in the top two thirds of the can, and a colored rim around the top of the can drawn from the color scheme of the bottom, has become distinctive of Stateside's SURFSIDE drinks and makes it stand out from the crowd. When consumers encounter the SURFSIDE can—up close and from afar—in ballparks, stadiums, stores, and everywhere else it is sold and used, they recognize it as a unique source indicator for Stateside.





4.      Seeking to trade off the tremendous goodwill Stateside has built in its highly recognizable, extremely popular, and hugely successful SURFSIDE beverages, Anheuser-Busch recently introduced its own ready-to-drink ("RTD") alcoholic iced-tea and lemonade vodka-based beverage, named Skimmers, that copies the SURFSIDE can design and mimics the overall look and feel (or trade dress) of Stateside's product:

*Stateside's SURFSIDE Can Design/Trade Dress*                    *AB's Infringing Can Design*

          







5.      Anheuser-Busch could have selected from a vast universe of design elements to create a can that stood on its own. Instead, it opted to mimic Stateside and freeride off its popular and successful SURFSIDE design, product, reputation, and goodwill to gain an unfair marketplace boost—at the expense of both Stateside and consumers alike. Stateside therefore seeks to enjoin Anheuser-Busch's unauthorized use of Stateside's SURFSIDE trade dress and to recover actual damages, Anheuser-Busch's profits, and other relief, including costs and attorneys' fees.

## THE PARTIES

6.      Plaintiff Stateside is a limited liability company organized and existing under the laws of Pennsylvania, with its principal place of business at 1700 N. Hancock St., Philadelphia, PA 19122.

7.      Defendant Anheuser-Busch, LLC is a limited liability company organized and existing under the laws of Missouri, with its principal place of business at One Busch Place, 202-7, St. Louis, MO 63118. Anheuser-Busch, LLC is registered to do business in the Commonwealth of Pennsylvania. Anheuser-Busch, LLC's registered office in the Commonwealth of Pennsylvania has an address at 1635 Market Street, Philadelphia, PA 19103.

8.      Defendant Anheuser-Busch, Incorporated is a corporation organized and existing under the laws of Missouri, with its principal place of business at One Busch Place, St. Louis, MO 63118. Anheuser-Busch, Incorporated is registered to do business in the Commonwealth of Pennsylvania. Anheuser-Busch, Incorporated's registered office in the Commonwealth of Pennsylvania has an address at 1635 Market Street, Philadelphia, PA 19103.

9.      Defendant Anheuser-Busch InBev Worldwide Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at One Busch Place, St. Louis, MO 63118 Anheuser-Busch InBev Worldwide Inc. is registered to do business in the

Commonwealth of Pennsylvania. Anheuser-Busch InBev Worldwide Inc.'s registered office in the Commonwealth of Pennsylvania has an address at 1635 Market Street, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court has general jurisdiction over each Anheuser-Busch Defendant pursuant to 42 Pa. Cons. Stat. § 5301(a)(2)(i) because each is registered to do business in the Commonwealth of Pennsylvania, 15 Pa. Cons. Stat. § 411(a), and as a result, maintains a corporate office that is continuously maintained in the Commonwealth of Pennsylvania, 15 Pa. Cons. Stat. § 411(f). Each Defendant therefore enjoys the same rights and privileges as a domestic entity and is subject to the same liabilities, restrictions, duties, and penalties imposed on domestic entities. 15 Pa. Cons. Stat. § 402(d). This Court has supplemental jurisdiction over Stateside's state-law claims pursuant to 28 U.S.C. § 1367 because those claims are substantially related to Stateside's federal Lanham Act claims.

11.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Stateside is a citizen of Pennsylvania, Anheuser-Busch, LLC and Anheuser-Busch, Incorporated are citizens of Missouri, Anheuser-Busch InBev Worldwide Inc. is a citizen of Delaware, and the amount in controversy exceeds $75,000.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Stateside is being harmed in this District, Stateside's intellectual property at issue in this litigation is located in this District, and each Anheuser-Busch Defendant maintains an office in this District, as documented with the Pennsylvania Department of State.

**STATESIDE AND ITS WELL-KNOWN SURFSIDE PRODUCTS AND TRADE DRESS**

13.    Founded in 2013, Stateside is a successful, popular, and well-known Philadelphia-based distillery that distills and sells several types of alcoholic beverages, namely, vodka, RTD vodka-soda cocktails, and RTD iced-tea and lemonade with vodka cocktails.

14.    In 2015, Stateside launched its first product, STATESIDE vodka. Since then, STATESIDE vodka has experienced great commercial success, beloved by consumers in Philadelphia where the product was first launched, and across the country.

15.    To capitalize on the success of its STATESIDE vodka, and looking for ways to expand its product portfolio, in 2021 Stateside made its first foray into the RTD beverage space by launching its STATESIDE VODKA SODA, a pre-mixed vodka and soda drink.

16.    Around the same time, Stateside also developed the concept for a different pre-mixed vodka beverage, evoking a beach theme and containing iced tea or lemonade—SURFSIDE.

 

17.    The overall appearance of the SURFSIDE beverage, created by the combination of the following features, forms a non-functional and distinctive trade dress: (1) a stylized gradient design on the bottom third of the can comprised of layered color-shifting bands, (2) a white background overlaid with a sun design and the product trademark in the top two thirds of the can, and (3) a colored rim around the top of the can drawn from the color scheme of the bottom of the can:



(collectively, the "Surfside Trade Dress").

18.     Launched in 2022, the SURFSIDE beverage was an overnight success that took the industry by storm. And its growth has been nothing short of exponential. SURFSIDE grew 563% in just its second year on the market—from selling about 200,000 cases in 2022, to 1.3 million cases in 2023, to 4.9 million cases in 2024. In just under three years, Stateside has earned many millions of dollars from sales of its SURFSIDE products alone.

19.     Starting with its Iced Tea flavor, Stateside has expanded its SURFSIDE product line to offer a wide range of flavors including Iced Tea + Lemonade, Lemonade, Strawberry Lemonade, Black Cherry Lemonade, Raspberry Tea, Peach Tea, Peach Green Tea, Mango Green Tea, and Green Tea & Lemonade.

20.     Stateside's SURFSIDE drinks are sold in all 50 U.S. states, as well as St. Thomas, the Bahamas, and Grand Cayman. In 2024, SURFSIDE was recognized as "America's

fastest growing canned cocktail" by *Forbes* magazine,[1] which prominently displayed the SURFSIDE Trade Dress in the article:



21.     One year later, *Forbes* broadened its praise, heralding SURFSIDE as "the fastest-growing alcohol brand in America."[2]

---

[1] https://www.forbes.com/sites/bradjaphe/2024/04/24/americas-fastest-growing-canned-cocktail-isnt-a-seltzer-its-this-popular-brand-of-vodka-lemonade/, accessed September 23, 2025.
[2] https://www.forbes.com/sites/chloesorvino/2025/07/27/how-surfside-became-the-fastest-growing-alcohol-brand-in-america/, accessed September 23, 2025.



22.     Stateside's SURFSIDE drinks have also received extensive media attention from major business outlets, including *CNN Business*, *INC. Magazine*, *AdAge, Men's Journal, Philly Voice,* and *InsideHook,* as well as industry publications such as *Food & Wine*, *RTD Ready-To-Drink Magazine*, *Beverage Daily*, *The Spirits Business*, *Beer Business Daily, Eat This, Not That!*, *FoodDive*, *VinePair*, and *Guilty Eats*. When Stateside's SURFSIDE drinks are featured and discussed in these publications, an image of the product itself—including the SURFSIDE Trade Dress—is virtually always included.

23.     Moreover, Stateside has widely and extensively advertised its SURFSIDE products on its website and social media, on billboards, and other physical signage, as shown in the

examples below. Stateside's advertising for its SURFSIDE products often prominently feature the

SURFSIDE Trade Dress.



https://www.instagram.com/p/DMAiESJNTF1/?img_index=1



https://www.instagram.com/p/DC61sYHM-ql/



https://www.instagram.com/p/DIjctK9MwM6/



https://www.instagram.com/p/C_i4NjgvblD/

24.     To further acquaint millions of consumers with its SURFSIDE products and Surfside Trade Dress, Stateside has entered into high-profile partnerships with several professional sports teams to sell and promote its SURFSIDE drinks (and other Stateside beverages) in their stadiums.



https://www.instagram.com/reel/DMQx4q5urTB/

13



https://www.instagram.com/p/DGYfjFRyyRx/

25.     A key part of the commercial success and tremendous popularity of the SURFSIDE products is the unique and highly identifiable design of the SURFSIDE Trade Dress.

26.     As a result of Stateside's widespread sales and extensive promotion of the SURFSIDE products and the Surfside Trade Dress, consumers of RTD beverages have come to associate the Surfside Trade Dress as a unique identifier exclusively associated with one source, namely Stateside.

27.     Indeed, conscious of the power of its branding and the strength of its Surfside Trade Dress, Stateside has consistently, repeatedly, and prominently emphasized the color-gradient stacked bars in its advertising, on its merchandise, and on its product packaging—thereby further establishing the Surfside Trade Dress as a source indicator for Stateside. A few of the many examples of Stateside's use of the stacked bars (along with its other trade dress elements) in advertising, on its packaging, and on its merchandise are shown below.

14







28.    Further indicative of the widespread recognition of Stateside's Surfside Trade Dress, people have even gotten tattoos of that trade dress, e.g.:



https://www.instagram.com/p/DDsiiOWJIVx/?hl=en&img_index=1



https://www.instagram.com/p/DIB80nPu1J7/

**ANHEUSER-BUSCH'S WRONGFUL ACTIVITIES**

29.     Founded in St. Louis, Missouri in the mid-19[th] century, Anheuser-Busch is one of the world's largest beer companies and the owner of some of the most famous beer brands in the United States, including BUDWEISER, BUD LIGHT, KONA BIG WAVE, MICHELOB ULTRA, and STELLA ARTOIS, to name a few.

30.     In 2019, Anheuser-Busch expanded into the RTD canned cocktail space when it acquired Cutwater Spirits—one of Stateside's direct competitors.

31.     In April 2025, Anheuser-Busch launched a new vodka-based RTD beverage named "Skimmers." Much like Stateside's SURFSIDE drinks, Skimmers is a canned RTD beverage made with iced tea and/or lemonade and vodka and competes directly with Stateside's SURFSIDE products.

32.     Instead of competing in the RTD industry on a level playing field, Anheuser-Busch decided to give itself an unlawful edge in the market by designing its Skimmers product to look

17

*strikingly similar* to the SURFSIDE products. Indeed, as shown in the comparison table below, the design for the Skimmers product mimics each element of Stateside's Surfside Trade Dress and conveys the same overall appearance and commercial impression.

| Representative Comparison of Surfside and Skimmers Product Designs |
|:---:|
|  |

33.     Tracking each element of the Surfside Trade Dress, Anheuser-Busch's Skimmers design uses: (1) a stylized gradient design on the bottom third of the can comprised of layered color-shifting bands, (2) a white background overlaid with a sun design and the product trademark in the top two thirds of the can, and (3) a colored rim around the top of the can drawn from the color scheme of the bottom of the can.

34.     Anheuser-Busch was familiar with Stateside's SURFSIDE products and Surfside Trade Dress when it designed its Skimmers product design, and Anheuser-Busch knowingly and willfully copied the Surfside Trade Dress to leverage and take advantage of the substantial goodwill Stateside has tirelessly developed.

18

35.    Anheuser-Busch could have selected from among myriad other design elements to create a unique product design for its Skimmers cans. Instead, Anheuser-Busch chose to cut corners and to usurp Stateside's goodwill in the marketplace by adopting a design that is nearly identical and confusingly similar to the Surfside Trade Dress.

### INJURY TO STATESIDE AND THE PUBLIC

36.    Anheuser-Busch's unauthorized use of Stateside's Surfside Trade Dress is likely to cause confusion, mistake, and deception as to the source or origin of Anheuser-Busch's products and/or to mislead consumers into believing that Anheuser-Busch or its products are affiliated with or sponsored, approved, and/or licensed by Stateside and/or its products.

37.    Anheuser-Busch has knowingly, willfully, and in reckless disregard of Stateside's rights leveraged and exploited the substantial goodwill and reputation associated with Stateside's Surfside Trade Dress. Through its willful misappropriation of that trade dress, Anheuser-Busch obtained a substantial unfair competitive advantage by forgoing the effort required to develop its own brand identity and is instead freeriding on Stateside's significant investments of time and money, which have contributed to the renown of its highly popular and commercially successful SURFSIDE products, including the Surfside Trade Dress associated with those products.

38.    As a direct and proximate result of Anheuser-Busch's willful actions, Stateside has been, and will continue to be, irreparably harmed unless Anheuser-Busch's unlawful conduct is enjoined—particularly because Stateside lacks control over the nature and quality of Anheuser-Busch's copycat design and the products Anheuser-Busch offers. There is no adequate remedy at law to redress this harm.

39.     Anheuser-Busch's unlawful acts have also damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure consumers, who have an interest in being free from confusion, mistake, and deception.

40.     Anheuser-Busch has acted knowingly, willfully, in reckless disregard of Stateside's rights, and in bad faith.

**COUNT I**
**Trade Dress Infringement, False Designation of Origin,**
**Passing Off, and Unfair Competition Under Section 43(a)**
**of the Lanham Act (15 U.S.C. § 1125(a)) Against All Defendants**

41.     Stateside repeats and re-alleges each and every allegation set forth in paragraphs 1-40 above.

42.     Stateside's Surfside Trade Dress is non-functional and distinctive based on, among other things, extensive nationwide use, promotion, marketplace success, and recognition, and was non-functional and distinctive before Anheuser-Busch first sold, offered for sale, distributed, advertised, or promoted its Skimmers product.

43.     Anheuser-Busch's unauthorized use of Stateside's Surfside Trade Dress in connection with its Skimmers product, as described above, is likely to cause confusion (including initial-interest, point-of-purchase, and/or post-sale confusion), or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Anheuser-Busch, Anheuser-Busch's Skimmers product, and/or Anheuser-Busch's s commercial activities by or with Stateside. Anheuser-Busch's conduct thus constitutes trade dress infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT II**
**Common-Law Trade Dress Infringement and Unfair Competition**
**Under Pennsylvania Common Law Against All Defendants**

44.         Stateside repeats and re-alleges each and every allegation set forth in paragraphs 1-43 above.

45.         Anheuser-Busch's activities described above constitute common-law trade dress infringement and misappropriation of the goodwill associated with Stateside's Surfside Trade Dress and thus constitute unfair competition in violation of Pennsylvania common law.

**JURY DEMAND**

46.         Pursuant to Fed. R. Civ. P. 38, Stateside respectfully demands a trial by jury on all issues properly triable by a jury in this action.

**REQUEST FOR RELIEF**

WHEREFORE, Stateside respectfully requests that this Court enter judgment in its favor on each and every claim set forth above and award it at least the following relief:

A.         An Order that Anheuser-Busch's Skimmers product, as detailed above, infringes Stateside's Surfside Trade Dress and constitutes trade dress infringement and unfair competition under federal and state law, specifically, 15 U.S.C. §§ 1125(a) and Pennsylvania common law.

B.         A permanent injunction enjoining Anheuser-Busch and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of infringement of Stateside's Surfside Trade Dress, including:

a.    Advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Skimmers product and/or any product that uses Stateside's Surfside Trade Dress and/or anything confusingly similar thereto;

21

b.   Representing by any means whatsoever, directly or indirectly, that Anheuser-Busch or any of its products or activities are associated, connected, or affiliated with Stateside (and/or its SURFSIDE products) and/or sponsored, authorized, or licensed by Stateside;

c.   Effecting assignments or transfers, forming new entities or associations, and/or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

d.   Aiding, abetting, contributing to, or otherwise assisting anyone in engaging or performing any of the activities referred to in subparagraphs B(a)-(c).

C.   An Order directing Anheuser-Busch to, within 30 days after the entry of the permanent injunction, file with this Court and serve on Stateside's attorneys a report in writing and under oath setting forth in detail the manner and form in which Anheuser-Busch has complied with the injunction.

D.   An Order directing Anheuser-Busch to immediately tender to Stateside all products, advertisements, promotional materials, and/or any other materials and things that contain or bear Stateside's Surfside Trade Dress and/or anything confusingly similar thereto.

E.   An Order requiring Anheuser-Busch to account for and pay to Stateside any and all profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117, and other applicable laws, and increasing such profits, including trebling them, in accordance with 15 U.S.C. § 1117 and other applicable laws.

F.   An Order requiring Anheuser-Busch to pay Stateside damages in an amount as yet undetermined (but exceeding $75,000) caused by the foregoing acts in accordance with 15 U.S.C.

§ 1117, and the common law of the state of Pennsylvania, and trebling such damages in accordance with 15 U.S.C. § 1117.

G.    An Order requiring Anheuser-Busch to pay Stateside punitive damages in an amount to be determined due to the foregoing willful acts.

H.    An Order declaring this to be an exceptional case and awarding Stateside its attorneys' fees and costs in this action pursuant to 15 U.S.C. § 1117, and other applicable laws.

I.    An Order awarding pre- and post-judgment interest on the damages caused by Anheuser-Busch's infringing activities and other conduct set forth above.

J.    Awarding Stateside any other additional relief as the Court deems just and proper.


Date: October 21, 2025

/s/ Susan M. Valinis
Susan M. Valinis
REILLY, MCDEVITT & HENRICH, PC
The Widener Building
One South Penn Square
Suite 410
Philadelphia PA 19107
(215) 972-5200
svalinis@rmh-law.com

Douglas A. Rettew (*pro hac vice* forthcoming)
Patrick J. Rodgers (*pro hac vice* forthcoming)
Maxime I. Jarquin (*pro hac vice* forthcoming)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4000
doug.rettew@finnegan.com
patrick.rodgers@finnegan.com
maxime.jarquin@finnegan.com

*Counsel for Plaintiff Stateside Brands LLC*