**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| STATESIDE BRANDS LLC,<br><br>     Plaintiff,<br><br>v.<br><br>ANHEUSER-BUSCH, LLC and ANHEUSER-BUSCH INBEV WORLDWIDE INC.,<br><br>     Defendants. | Case No. 2:25-cv-06017-MAK |

**PLAINTIFF STATESIDE BRANDS LLC'S
MOTION FOR SUMMARY JUDGMENT**

1. Pursuant to Federal Rules of Civil Procedure 7(b) and 56 and Section IV. A-C of this Court's Policies, Plaintiff Stateside Brands LLC respectfully moves the Court for summary judgment on Counts I and II of its Complaint, namely, federal trade dress infringement and unfair competition under the Lanham Act (15 U.S.C. § 1125(a)) and Pennsylvania common law.

2. The Court need look no further than the following picture to see that there are no genuine issues for trial in this trade dress case involving a market leader—Surfside—and its copycat—Skimmers.



3. In a crowded field of ready-to-drink ("RTD") cocktails, Stateside innovated something new that pioneered a new market segment: Surfside, an RTD vodka-based tea/lemonade drink. Through determination and hard work, Stateside built Surfside into a nationwide powerhouse that was heralded as "the fastest-growing alcohol brand in America." The dress for that success is

embodied in Surfside's unique can design, with (a) layered color-shifting bands in the bottom third of the can, (b) a white background overlaid with a sun design and product mark in the top two-thirds, and (c) a colored top rim drawn from the bottom color scheme (the "Surfside Trade Dress").



4.    Recognizing Surfside's meteoric rise, AB copied the product—launching Skimmers, an RTD vodka-based tea/lemonade drink packaged in a can with the same core architecture as Surfside: a colored top rim, predominantly white background, sun logo overlaid with the brand name, and colored gradient bands at the bottom.



5.    Other than to free-ride off what Stateside built in its blockbuster product, there's no legitimate need to make a can that copies these elements. A throwback to 70's surf culture, the Surfside Trade Dress is Stateside's source identifier and badge of honor. The design is not needed to sell a canned cocktail, nor is it an industry norm. This is obvious from the many alternative designs that line store shelves and, unlike Skimmers, compete on their own merit, with their own identities.

6.    It is undisputed that Surfside and Skimmers are the same kind of product, advertised the same way, sold to the same consumers, through the same retailers and channels, at similar low price points, often side-by-side on store shelves. In that low-cost, grab-and-go retail environment, the law recognizes what common sense says: consumers exercise little care, and similar packaging is especially likely to confuse.

7.      Confusion is not hypothetical. A Philadelphia Magazine reporter "honestly thought they were the same products at first glance"; a consumer admitted buying Skimmers because they "thought it was stateside"; a Las Vegas bar ordered Surfside but received Skimmers after distributor confusion. And many have commented on the undeniable similarities between the can designs, saying that they look "incredibly similar," are "eerily similar" with "a suspiciously similar package design," "are nearly indistinguishable," "look almost identical," and it is "[d]ifficult to see the difference, particularly from a difference on shelf." Queried one person: "[c]ould their [AB's] team have tried harder to come up with a #name, #branding, and #packaging that looked at least a little different? This is almost comical." These real-world reactions are powerful evidence of likely confusion, particularly because Skimmers has only been on the market for a short time and in limited distribution, with limited advertising.

8.      Summary judgment is warranted because every material point moves in one direction. To establish infringement, Stateside must prove (a) the Surfside Trade Dress is protectable, i.e., distinctive and nonfunctional, and (b) the Skimmers can is likely to cause consumer confusion. *See Duraco Prods., Inc. v. Joy Plastic Enters., Ltd.,* 40 F.3d 1431, 1439 (3d Cir. 1994). The Surfside Trade Dress is protectable because it is unique and inherently distinctive packaging design. *McNeil Nutritionals, LLC v. Heartland Sweeteners LLC (McNeil III)*, 566 F. Supp. 2d 378, 387-88 (E.D. Pa. 2008) ("A product's packaging primarily serves the purpose of source identification.") (citation omitted). Additionally, the trade dress has acquired secondary meaning and marketplace strength through substantial use, advertising, and success. *Id.* at 392. Further still, the dress is non-functional because it is not essential to the use or purpose of an RTD drink, nor does it affect the drink's cost or quality. *Id.* at 393. Finally, the Skimmers can design infringes under the relevant factors set forth in *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460 (3d Cir. 1983) because it creates the same overall commercial impression, appears on identical competing products in the same channels, is advertised the same way, is a "grab-and-go"

product purchased with little care or deliberation, targets the same consumers, has already caused actual confusion, and was adopted with unmistakable evidence of copying. On this record, confusion is not merely likely; it is inevitable.

9.     For these reasons, and as further detailed in the Memorandum of Law that accompanies this motion, Stateside respectfully requests that it be granted summary judgment on Counts I and II of its Complaint, specifically, that the Court issue:

   a. An Order that AB's Skimmers product infringes Stateside's Surfside Trade Dress and constitutes trade dress infringement and unfair competition under federal and state law (15 U.S.C. § 1125(a) and Pennsylvania common law)).

   b. A permanent injunction enjoining AB and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from using Stateside's Surfside Trade Dress or any confusingly similar variations thereof—including the Skimmers can design—as detailed in the Request for Relief in Stateside's First Amended Complaint (D.I. 36, Request for Relief, B.a-d) and subject to further briefing by the parties.

   c. An Order directing AB to, within 30 days after the entry of the permanent injunction, file with this Court and serve on Stateside's attorneys a report in writing and under oath setting forth in detail the manner and form in which AB has complied with the injunction.

   d. An Order directing AB to immediately tender to Stateside all products, advertisements, promotional materials, and/or any other materials and things that contain or bear Stateside's Surfside Trade Dress and/or anything confusingly similar thereto.

e.  An Order requiring AB to account for and pay to Stateside any and all profits arising from the foregoing acts (in an amount to be determined by further briefing by the parties) in accordance with 15 U.S.C. § 1117 and other applicable laws, and increasing such profits, including trebling them, in accordance with 15 U.S.C. § 1117 and other applicable laws.

f.  An Order requiring AB to pay Stateside damages (in an amount to be determined by further briefing by the parties) caused by the foregoing acts in accordance with 15 U.S.C. § 1117 and the common law of the state of Pennsylvania, and trebling such damages in accordance with 15 U.S.C. § 1117.

g.  An Order requiring AB to pay Stateside punitive damages in an amount to be determined by further briefing by the parties due to its willful acts.

h.  An Order declaring that this is an exceptional case and awarding Stateside its attorneys' fees and costs in this action (in an amount to be determined by further briefing by the parties) pursuant to 15 U.S.C. § 1117 and other applicable laws.

i.  An Order awarding pre- and post-judgment interest on the damages caused by AB's infringing activities and other conduct.

j.  An Order awarding Stateside any other additional relief as the Court deems just and proper.

Dated: August 3, 2026                    Respectfully submitted,

_/s/ Susan M. Valinis_
Susan M. Valinis
Molly Reilly
REILLY, MCDEVITT & HENRICH, PC
The Widener Building
One South Penn Square
Suite 401
Philadelphia PA 19107

5

(215) 972-5200
svalinis@rmh-law.com
mreilly@rmh-law.com

Douglas A. Rettew (*pro hac vice*)
Patrick J. Rodgers (*pro hac vice*)
Maxime I. Jarquin (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4000
doug.rettew@finnegan.com
patrick.rodgers@finnegan.com
maxime.jarquin@finnegan.com

Morgan E. Smith (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Ave,
Palo Alto, CA 94304
(650) 849-6600
morgan.smith@finnegan.com

*Counsel for Plaintiff Stateside Brands LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of August 2026, I caused the foregoing to be filed electronically with the Clerk of the Court using the ECF system and is available for viewing and downloading from the ECF system, and a Notice of Electronic Case Filing was served upon all counsel of record registered with the ECF system.

_/s/___Susan M. Valinis_____